IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT WEAVER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| | : | NO. 09-2357 |
| | : | |
| LAURA BEVERIDGE, et al., | : | |
| Defendants. | : | |

## O R D E R

**AND NOW**, this 18th day of April 2013, upon consideration of Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Doc. No. 87) and Defendant's Response thereto (Doc. No. 88), and following an independent review of Defendant's Motion for Summary Judgment (Doc. No. 63), Plaintiff's Response thereto (Doc. No. 75), Defendant's Reply (Doc. No. 80), and Magistrate Judge Martin C. Carlson's Report and Recommendation (Doc. No. 82), **IT IS HEREBY ORDERED** that:

    1.    Plaintiff's Objections are **OVERRULED**;[1]

---

[1] I review *de novo* timely and specific objections to the magistrate judge's report. 28 U.S.C. § 636(b)(1); Goney v. Clark, 749 F.2d 5, 6 (3d Cir. 1984). In doing so, I may rely on the magistrate judge's proposed findings and recommendations to whatever extent I deem proper, in the exercise of sound judicial discretion. U. S. v. Raddatz, 447 U.S. 667, 676 (1980).

The sole claim before the magistrate judge was plaintiff Robert Weaver's Fourth Amendment-based malicious prosecution claim against defendant Laura Beveridge. "To prove malicious prosecution under section 1983 when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007). Failure to satisfy any one of these elements is fatal to the claim. Kossler v. Crisanti, 564 F.3d 181, 186-87 (3d Cir. 2009).

"[A] prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable termination element." Id. at 187. Accordingly, "[a] *nol pros* signifies termination of charges in favor of the accused only when their final disposition is such as to indicate the innocence of the accused." Donahue v. Gavin, 280 F.3d 371, 383 (3d Cir. 2002) (citation and internal quotation marks omitted). A *nol pros* is not

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. Defendant's Motion for Summary Judgment is **GRANTED**;

2. The Clerk is directed to mark this case **CLOSED**.

BY THE COURT:

*/s/ Lawrence F. Stengel*
LAWRENCE F. STENGEL, J.

---

indicative of the accused's innocence where "[t]he prosecutor simply reason[s] that [the accused is] not likely to receive any additional jail time if convicted in a retrial." Id. at 384.

Relying on Donahue, the magistrate judge concluded that Weaver failed to satisfy this element, among others, because the "evidence of record indicates that ADA Moore elected to *nol pros* the charges in 2009 because he concluded that Plaintiff was unlikely to receive anything other than a sentence for time already served, and because he believed it was unnecessary to put Ms. Nispel through the burden of testifying against Plaintiff in a new criminal proceeding." Doc. No. 82 at 29. Weaver objects to this finding, contending that "Moore obviously feared losing a re-trial of plaintiff." Doc. No. 87 at 14.

Weaver's objection is without merit. Neither party has produced the motion and order to *nol pros* Weaver's case, and the only record evidence regarding the matter is Moore's testimony. Moore summed up his reasons for recommending a *nol pros*:

> I remember adding up [Weaver's] time and he had already had his time served at that point for that particular charge. And given where, I believe, Loretta Nispel was at in her life, she had just gotten an apartment, I think she had a boyfriend and everything was going really well, I didn't see the point in going and dragging her back through a trial if it was unnecessary since he already had his time in. Whether he had a conviction on his record at that point was kind of immaterial.

Doc. No. 69 at 8:11-23; see also id. at 18:15-20:9. Weaver conflates Moore's reasons for declining to prosecute another case involving Nispel with Moore's reasons for moving to *nol pros* Weaver's case. Doc. No. 76 ¶ 64. There is nothing in the record to indicate that Moore reconsidered the evidence against Weaver, in light of the Superior Court's remand, and concluded that a conviction at retrial was unlikely. The magistrate judge correctly determined that Moore's request for a *nol pros* did not reflect Weaver's innocence, Donahue, 280 F.3d at 384, and his malicious prosecution claim fails for this reason alone. Because Weaver's failure to satisfy the favorable termination requirement is dispositive of his claim, I do not reach his remaining objections.